```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x

CJ PRODUCTS LLC & ONTEL PRODUCTS        :
CORPORATION,
                                        :
             Plaintiffs,                         11 Civ. 9513 (GBD) (AJP)
                                        :
          -against-                              REPORT AND RECOMMENDATION
                                        :
YOUR STORE ONLINE LLC,
                                        :
             Defendant.
                                        :
-----------------------------------x
```

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable George B. Daniels, United States District Judge:**

Plaintiffs CJ Products and Ontel Products sued defendant Your Store Online for, inter alia, copyright infringement of plaintiffs' "Pillow Pets." (Dkt. No. 1: Compl.) Your Store Online failed to respond to the complaint and, on May 16, 2012, Judge Daniels entered a default judgment permanently enjoining Your Store Online from further infringing use of plaintiffs' copyrighted products. (Dkt. No. 13: 5/16/12 Default Judgment.) Judge Daniels referred the matter to me for an inquest as to damages. (Dkt. Nos. 14-15: 5/17/12 & 5/21/12 Referral Orders.) Plaintiffs' inquest submissions seek $21,009,314.36: statutory damages of $150,000 for each of fourteen registered copyrights, totaling $21,000,000 (Dkt. No. 9: Pls. Br. at 6) and attorneys' fees of $8,475.67 and costs of $838.69 (Pls. Br. at 7; see also Dkt. No. 10: Drangel Aff. ¶ 22). Your Store Online has not submitted opposition papers, and the deadline for doing so has long passed. (Dkt. No. 16: Order;

see also Drangel Aff. ¶ 24 & Ex. F: 4/23/12 Your Store Online Email (that it had ceased selling the infringing products but did not have the money to defend the lawsuit).)

For the reasons discussed below, the Court should award plaintiffs $350,000 in statutory damages for copyright infringement and $390 in costs.

## FACTS[1/]

Plaintiff CJ Products owns the intellectual property to a combination stuffed animal and functional pillow line of products known as "Pillow Pets." (Dkt. No. 1: Compl. ¶¶ 8-9, 15-18.) CJ Products granted plaintiff Ontel the exclusive license to manufacture, advertise and sell the "Pillow Pets" products, along with an exclusive license to all related intellectual property. (Compl. ¶ 22.) Ontel markets products through television commercials and through well-known retailers. (Compl. ¶ 20.) Plaintiffs CJ Products and Ontel own or have exclusive licensing rights in the following "Pillow Pets" copyright Certificate of Registration numbers: VA 1-665-417, VA 1-665-418, VA 1-674-365, VA 1-674-368, VA 1-674-371, VA 1-674-372, VA 1-674-374, VA 1-674-377, VA 1-674-379, VA 1-679-223, VA 1-715-257, VA 1-715-272, VA 1-715-276, VA 1-715-277. (Dkt. No. 10: Drangel Aff. ¶ 8 & Ex. A: Certificates of Registration; see also Compl. ¶ 18.)

Without plaintiffs' consent or authorization, Your Store Online advertised and sold its competing products using "images and designs that are confusingly similar to, identical to, and/or

---

[1/]   Where, as here, "'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (Carter, D.J. & Peck, M.J.) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 3d § 2688 at 58-59 (3d ed. 1998)).

constitute infringement of Plaintiffs' intellectual property." (Compl. ¶¶ 30, 48; Drangel Aff. ¶¶ 9-17.)

Plaintiffs' complaint asserts claims for, inter alia, copyright infringement of their copyrighted "Pillow Pets" products in violation of 17 U.S.C. § 501(a). (Compl. ¶¶ 45-50.) Plaintiffs assert that defendant's infringement was willful. (E.g., Compl. ¶¶ 30-32.) Indeed, plaintiffs sent a "cease and desist" letter to Your Store Online on November 29, 2011, but Your Store Online continued to sell infringing products. (Drangel Aff. ¶ 19 & Ex. D.)

Plaintiffs seek statutory copyright damages of $21,000,000 ($150,000 for each of fourteen registered copyrights) (Dkt. No. 9 Pls. Br. at 6), plus attorney's fees of $8,475.67 and costs of $838.69, totaling $21,009,314.36 (Pls. Br. at 7).

## ANALYSIS[2]

**I.     COPYRIGHT DAMAGES**

Pursuant to 17 U.S.C. §§ 504(c)(1) & (2), plaintiffs seek to recover statutory damages for copyright infringement of $150,000 for each of fourteen registered copyrights, for a total of $21,000,000. (Dkt. No. 9: Pls. Br. at 6.)

Section 504(c) provides, in part:

(c)     Statutory Damages

---

[2]     The Second Circuit has approved the holding of an inquest by affidavit, without an in-person court hearing, "'as long as [the Court has] ensured that there was a basis for the damages specified in the default judgment.'" Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

4

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
>
> (2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000 . . .

17 U.S.C. §§ 504(c)(1)-(2).

Section 504(c)(1) "shifts the unit of damages inquiry from number of infringements to number of works." Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd., 996 F.2d 1366, 1381 (2d Cir. 1993). "'Where the suit involves infringement of more than one separate and independent work, minimum statutory damages for each work must be awarded.'" 6 William F. Patry, Patry on Copyright § 22:185 (2012 ed.); see, e.g., John Wiley & Sons, Inc. v. Kirtsaeng, 654 F.3d 210, 214 n.10 (2d Cir. 2011) ("'[T]he total number of awards of statutory damages that a plaintiff may recover in any given action depends on the number of works that are infringed . . . regardless of the number of infringements of those works.'" (quoting WB Music Corp. v. RTV Commc'n Grp., Inc., 445 F.3d 538, 540 (2d Cir. 2006)).[3] Here, the complaint alleges that Your Store Online sold products that

---

[3]   See also, e.g., D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 34 (2d Cir. 1990) ("Within these [minimum and maximum amount] limitations the court's discretion and sense of justice are controlling, but it has no discretion when proceeding under this [statutory damages] provision to go outside of them." (quotation omitted)); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[E][1][a] (2012 ed.) ("If defendant's infringing work copies from several different copyrighted works owned by plaintiff, the applicable minimum
(continued...)

infringed on fourteen of plaintiffs' registered copyrights.  (See page 3 above.)

        Statutory damages for copyright infringement "'are available without proof of plaintiff's actual damages or proof of any damages.'"  Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001) (Peck, M.J.) (quoting Starbucks Corp. v. Morgan, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (Peck, M.J.) (citing 17 U.S.C. § 504(c)(1))); see, e.g., Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc., 887 F.2d 399, 403 (2d Cir. 1989) ("[C]opyright plaintiffs may elect at any time before final judgment to receive statutory damages under Section 504(c), a method useful where proof of actual damages or profits is insufficient."); Broad. Music, Inc. v. DFK Entm't, LLC, No. 10-CV-1393, 2012 WL 893470 at *4 (N.D.N.Y. Mar. 15, 2012); UMG Recordings, Inc. v. Griffin, No. 08-CV-00274, 2008 WL 4974856 at *2 (N.D.N.Y. Nov. 24, 2008) ("[A] plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." (quotations omitted)); Interscope Records v. Sharp, No. 05-CV-920, 2007 WL 4555905 at *2 (N.D.N.Y. Dec. 19, 2007) (same).[4]  As Professor Patry has explained:

---

[3]    (...continued)
damages can be multiplied by the number of such infringed copyrights."); 6 William F. Patry, Patry on Copyright § 22:184 (2012 ed.) ("[B]y contrast with the 1909 Act, under the 1976 Act awards of statutory damages are determined by the number of works infringed, not by the number of infringing acts.  This represents a fundamental shift between the two acts." (fn. omitted)).

[4]    See also 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.04[A] (2009 ed.) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits.  He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and
(continued...)

>Since actual damages and profits frequently are difficult to prove, the Copyright Act provides for minimum and maximum statutory damages. These damages may be elected by the copyright owner at any time before final judgment is rendered, without proof of actual damages.

2 William F. Patry, Copyright Law & Practice at 1170 (1994) (fns. omitted).

Defendant has defaulted and is deemed to be a willful infringer by virtue of its default. E.g., Coach, Inc. v. O'Brien, 10 Civ. 6071, 2012 WL 1255276 at *14 (S.D.N.Y. Apr. 13, 2012) ("[T]his Court has already found that . . . [defendant's] conduct was willful '[b]y virtue of [her] default' . . . ."); All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 621 (S.D.N.Y. 2011) (Peck, M.J.) ("Defendants have defaulted . . . and by virtue of their default are deemed to be willful infringers.").[5]

---

[4] (...continued)
the amount of defendant's profits, and even if he has intentionally declined to offer such evidence, although it was available. . . . The availability of statutory damages under the current Act, even under circumstances in which plaintiff's damages or defendant's profits are susceptible to precise evaluation, represents a departure from the pertinent provisions of the 1909 Act." (fns. omitted)); 6 William F. Patry, Patry on Copyright §§ 22:153-208 (2009 ed.).

[5] See also, e.g., Chloe v. Zarafshan, 06 Civ. 3140, 2009 WL 2956827 at *7 (S.D.N.Y. Sept. 15, 2009) ("Willfulness may be established by a party's default because an innocent party would presumably have made an effort to defend itself."); Malletier v. Carducci Leather Fashions, Inc., 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) ("Here, by virtue of its default, [defendant] has admitted [plaintiff]'s allegation that it acted knowingly and intentionally or with reckless disregard or willful blindness to [plaintiff]'s rights."); AW Indus., Inc. v. Sleep Well Mattress, Inc., No. 07-CV-3969, 2009 WL 485186 at *4 (E.D.N.Y. Feb. 26, 2009) (Defendant "has defaulted in this case, which deems it a willful infringer."); Rodgers v. Anderson, 04 Civ. 1149, 2005 WL 950021 at *2 (S.D.N.Y. Apr. 26, 2005) (Peck, M.J.) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers."); Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) ("By virtue of the default, the [defendant]s' infringement is deemed willful, . . .").

Where, as here, a defendant has acted willfully, "a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others." Malletier v. Carducci Leather Fashions, Inc., 648 F. Supp. 2d at 504; accord, e.g., Hounddog Prods., LLC v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011); Gucci Am., Inc. v. MyReplicaHandbag.com, 07 Civ. 2438, 2008 WL 512789 at *3 (S.D.N.Y. Feb. 26, 2008).

Courts determining statutory damages pursuant to § 504(c) have considered the following factors:

> (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.

Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc., 03 Civ. 2132, 2006 WL 728407 at *6 (S.D.N.Y. Mar. 21, 2006) (Daniels, D.J.); accord, e.g., Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir.), cert. denied, 131 S. Ct. 656 (2010); N.A.S. Imp., Corp. v. Chenson Enters., Inc., 968 F.2d 250, 252 (2d Cir. 1992); Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986).[6/]

---

[6/] See also, e.g., Coach, Inc. v. O'Brien, 2012 WL 1255276 at *2; Union of Orthodox Jewish Congregations of Am. v. Am. Food & Beverage Inc., 704 F. Supp. 2d 288, 291 (S.D.N.Y. 2010); Gucci Am., Inc. v. MyReplicaHandbag.com, 2008 WL 512789 at *2-3; Hermes Int'l v. Kiernan, No. 06-CV-3605, 2008 WL 4163208 at *4 (E.D.N.Y. Aug. 28, 2008); Gucci Am., Inc. v. Duty Free Apparel, Ltd., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004); Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d at 125.

Here, the key factors weigh in plaintiffs' favor.[7/]  As to the fourth factor, "the goal of deterring similar conduct by other enterprises requires a substantial award."  Louis Vuitton Malletier, S.A. v. LY USA, 06 Civ. 13463, 2008 WL 5637161 at *2 (S.D.N.Y. Oct. 3, 2008), aff'd, No. 08-4483, 2012 WL 1034540 (2d Cir. Mar. 29, 2012).  As to the fifth factor, this Court has already found that defendant's conduct was willful.  (See page 6 above.)  As to the seventh factor, Your Store Online continued to sell infringing products even after it received a cease and desist letter, but did cease sales after suit was brought.  (See page 3 above.)

Plaintiffs request the maximum willful infringement statutory damages award of $150,000 for each of fourteen registered copyrights.  (Pls. Br. at 6.)  The maximum is not appropriate in this case.  Courts generally only issue maximum statutory damage awards in situations where an infringer continues infringing activities after being put on notice by a court that its activities may constitute an infringement, or where the plaintiff shows the infringer's high revenue or profit gained through infringement.  See, e.g., Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 288-89 (2d Cir. 1999) (upholding award of maximum statutory damages where defendant continued infringing activities after a court enjoined a company of which he was a fifty percent shareholder from using the material at issue); Hounddog Prods., LLC. v. Empire Film Grp., Inc., 826 F. Supp. 2d at 631 (awarding maximum statutory damages for defendant's willful infringement where defendant's revenue was $438,841.14 and profit was over $100,000); Nat'l Football League

---

[7/]   There is no information as to the first, second, third or sixth factors.  While defendant Your Store Online emailed plaintiffs' counsel that it had ceased selling the allegedly infringing products (see page 2 above), it provided no information as to its sales or the other factors used in determining statutory damages.

v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d at 479-80 (awarding maximum statutory damages for defendant's infringement that took place after the district court had rejected defendant's claim that its conduct was not infringing, "clearly demonstrating chutzpah, or in more legal parlance, willfulness"); Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc., 602 F. Supp. 151, 155-56 (S.D.N.Y. 1984) (awarding maximum statutory damages, then $50,000, for copyright infringement by a defendant who had been involved in a number of prior copyright infringement actions). The conduct in this case does not warrant maximum statutory damages. Your Store Online was not put on notice by a court, it ceased sales once it was sued, and plaintiffs have not provided any evidence of Your Store Online's profits.

Based particularly on the fifth and seventh factors, an award of $25,000 in statutory damages would be appropriate for each of the fourteen registered copyrights that were infringed, consistent with similar awards by prior cases involving similar types of products. See, e.g., Knitwaves, Inc. v. Lollytogs Ltd. (Inc.), 71 F.3d 996, 1001, 1012 (2d Cir. 1995) (awarding $25,000 in statutory damages for each of defendant's willful infringements on copyrighted children's sweater designs); EMI Entm't World, Inc. v. Karen Records, Inc., 806 F. Supp. 2d 697, 708 (S.D.N.Y. 2011) (awarding $25,000 for defendant's willful infringement of each of four musical compositions); All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d at 627 (awarding $25,000 in statutory damages for copyright infringement on website); Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 117 (E.D.N.Y. 2010) (awarding $25,000 in statutory damages per each infringement on children's television characters, including "Barney" and "Bob the Builder"); GMA Accessories, Inc. v. Megatoys, Inc., 01 Civ. 12743, 2003 WL 193507 at *4 (S.D.N.Y. Jan. 14, 2003)

(awarding total award of $132,975, not the $450,000 sought, for intentional infringements on three copyrighted dolls, twice defendant's profit); Odegard, Inc. v. Costikyan Classic Carpets, Inc., 963 F. Supp. 1328, 1341 (S.D.N.Y. 1997) (awarding $25,000 in statutory damages for copyright infringement on a carpet design).

The Court should award plaintiffs $25,000 in statutory damages under 17 U.S.C. § 504(c) for each of the fourteen copyrighted works, for a total of $350,000.

## II. ATTORNEYS' FEES AND COSTS

Plaintiffs seek $8,475.67 in attorneys' fees and $838.69 in costs. (Dkt. No. 9: Pls. Br. at 7; see also Dkt. No. 10: Drangel Aff. ¶ 22.) Costs and attorneys' fees to the prevailing party in copyright cases are governed by 17 U.S.C. § 505, which provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

The Supreme Court has made clear that attorneys' fees in copyright actions are not automatic to the prevailing party. Rather, "attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S. Ct. 1023, 1033 (1994).[8/] The Court's discretion is broad and subject to review only for abuse of

---

[8/] Accord, e.g., William F. Patry & Rebecca F. Martin, Copyright Law & Practice: 2000 Cumulative Supplement at 308-12; see also, e.g., Russian Entm't Wholesale, Inc. v. Close-Up Int'l, Inc., Nos. 11-957, 11-1313, 2012 WL 1525080 at *4 (2d Cir. May 2, 2012); Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc., 166 F.3d 65, 74 (2d Cir. 1999) ("'We may
(continued...)

11

discretion. E.g., Russian Entm't Wholesale, Inc. v. Close-Up Int'l, Inc., 2012 WL 1525080 at *4; Matthew Bender & Co. v. West Publ'g Co., 240 F.3d 116, 120 (2d Cir. 2001); Clark v. Hudson Bay Music, Inc., No. 96-7251, 104 F.3d 351 (table), 1996 WL 547186 at *2 (2d Cir. Sept. 26, 1996).

The Second Circuit has held that "[w]hen determining whether to award attorneys fees [under 17 U.S.C. § 505], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence. . . . The third factor – objective unreasonableness – should be given substantial weight." Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir.), cert. denied, 131 S. Ct. 656 (2010).[9/]

"[T]he amount of damages awarded [also] is a factor that may be considered in arriving at an appropriate award of attorney's fees. . . ." N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d at 254.

---

[8/]   (...continued)
reverse an award of attorney's fees only if the district court applied the wrong legal standard or abused its discretion.'" (quoting Knitwaves, Inc. v. Lollytogs Ltd., 71 F.3d 996, 1012 (2d Cir. 1995))); N.A.S. Import, Corp. v. Chenson Enters., Inc., 968 F.2d 250, 253-54 (2d Cir. 1992).

[9/]   See also, e.g., Russian Entm't Wholesale, Inc. v. Close-Up Int'l, Inc., 2012 WL 1525080 at *4; Matthew Bender & Co. v. West Publ'g Co., 240 F.3d at 122 ("[The] emphasis on objective reasonableness is firmly rooted in Fogerty's [v. Fantasy, Inc., 510 U.S. at 534, 114 S. Ct. at 1033] admonition that any factor a court considers in deciding whether to award attorneys' fees must be 'faithful to the purposes of the Copyright Act.' . . . [T]he imposition of a fee award against a copyright holder with an objectively reasonable litigation position will generally not promote the purposes of the Copyright Act." (citations omitted)); EMI Catalogue P'ship v. CBS/Fox Co., 86 Civ. 1149, 1996 WL 280813 at *2 (S.D.N.Y. May 24, 1996) (the objective reasonableness of the plaintiff's claim was central in determining that attorney's fees were not justified.).

12

Considerations of deterrence may support an award of attorneys' fees to the prevailing party where none of the other relevant factors justify denying such an award, especially when willful infringement has been found. See, e.g., Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 289 (2d Cir. 1999); Broad. Music, Inc. v. R Bar of Manhattan, Inc., 919 F. Supp. 656, 661 (S.D.N.Y. 1996); Peer Int'l Corp. v. Luna Records, Inc., 887 F. Supp. 560, 570 (S.D.N.Y. 1995) (Sotomayor, D.J.); see also, e.g., Yarman Design, Inc. v. PAJ, Inc., 93 F. Supp. 2d 449, 464 (S.D.N.Y. 2000) (defendant's "willful infringement in this case merits such an award" of attorneys' fees).[10]

Here, by failing to answer the complaint, defendants have not "assert[ed] any defense, frivolous or otherwise." Pearson Educ., Inc. v. Vergara, 09 Civ. 6832, 2010 WL 3744033 at *5 (S.D.N.Y. Sept. 27, 2010). Defendant's default ordinarily would weigh in favor of awarding attorneys' fees and costs under 17 U.S.C. § 505. See, e.g., All-Star Mktg. Grp. v. Media Brands Co., 775 F. Supp. 2d 613, 628 (S.D.N.Y. 2011) (Peck, M.J.) (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted); Pearson Educ., Inc. v. Vergara, 2010 WL 3744033 at *5 ("awarding costs and attorney's fees is warranted, in order to compensate the plaintiffs for the costs they incurred to retain counsel to initiate this litigation and secure judgment by default"); Gladys Music v. Bilbat Radio, Inc., No. 07-CV-6086, 2007 WL 3033960 at *1 (W.D.N.Y. Oct. 15, 2007) (awarding plaintiff reasonable attorney's fees in a copyright infringement

---

[10]  Similarly, "bad faith in the conduct of the litigation is a valid ground for an award of [attorney's] fees," even where the nonprevailing party's position on the merits of the copyright issue was objectively reasonable. E.g., Matthew Bender v. West, 240 F.3d at 122. In such a case, "[a]ny fees [the court] awards should be related to costs or expenses incurred as a direct result of bad faith conduct by" the non-prevailing party. Id. at 126.

case where defendant defaulted and the amount of attorneys' fees "due to Plaintiffs . . . deriv[ed] from Defendants' repeated violations of copyright law.").

Nevertheless, the Court must deny attorneys' fees because plaintiffs' counsel merely stated that "the attorneys' fees are $8,475.67," without providing billing records. (Drangel Aff. ¶ 22.) It is black letter law in this Circuit for almost thirty years that without contemporaneous time records, the Court cannot award attorneys' fees. N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983) ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records."); see, e.g., Scott v. City of N.Y., 626 F.3d 130, 132 (2d Cir. 2010) ("Carey requires that all applications for attorney's fees be supported by contemporaneous records . . . ."). In light of this clear law, and the substantial statutory damages award to plaintiffs, the Court will not give plaintiffs an opportunity to supplement the record.

Section 505 allows the prevailing party to recover its costs. However, costs must be substantiated for reimbursement. See, e.g., Cover v. Potter, 05 Civ. 7039, 2008 WL 4093043 at *8 (S.D.N.Y. Aug. 29, 2009); James v. Nat'l R.R. Passenger Corp., 02 Civ. 3915, 2005 WL 6182322 at *20 (S.D.N.Y. Mar. 30, 2005) ("Plaintiffs seeking to recover costs must submit bills or receipts for claimed expenses. . . ."). Here, plaintiffs have not provided supporting documentation as to the costs incurred. Nevertheless, the Court takes judicial notice of the Court's own filing fee ($350) and the cost of service (of $40) as documented in the Affidavit of Service (Dkt. No. 3: 2/27/12 Aff. of Service).

14

Accordingly, the Court should not award plaintiffs attorneys' fees, and should award only $390 in costs. The statutory damages awarded are more than adequate to make plaintiffs whole and to deter defendant Your Store Online (and others) from engaging in infringement in the future.[11]

## CONCLUSION

For the reasons set forth above, the Court should award plaintiffs statutory damages of $350,000 for willful copyright infringement and $390 in costs.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human

---

[11] The Court has reviewed the scope of the injunction already entered by Judge Daniels and does not see any need for it to be modified, except to eliminate paragraphs five and six of the Judgment.

Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

| | |
|---|---|
| DATED: | New York, New York |
| | July 12, 2012 |

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies **by ECF** to:   Dermot Michael Sheridan, Esq.
Jason M. Drangel, Esq.
Robert L. Epstein, Esq.
William C. Wright, Esq.
Your Store Online LLC (by Email to chris@yourstoreonline.net)
Judge George B. Daniels