**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CJ PRODUCTS LLC & ONTEL PRODUCTS CORPORATION,

                Plaintiffs,

-against-

YOUR STORE ONLINE LLC,

                Defendant.

MEMORANDUM DECISION
AND ORDER
11 Civ. 9513 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

    Plaintiffs CJ Products and Ontel Products ("Plaintiffs") brought this action against Defendant Your Store Online LLC ("Defendant") for copyright infringement of Plaintiffs' "Pillow Pets", a product line featuring stuffed animals that function as pillows. Defendant failed to respond to the complaint, and a default judgment was entered on May 16, 2012, permanently enjoining Defendant from further infringing use of Plaintiffs' copyrighted products. Plaintiff now seeks damages in the amount of $2,109,314.36, consisting of statutory damages of $150,000.00 for each of fourteen registered copyrights, totaling $2,100,000.00, attorneys' fees of $8,475.67, and costs of $838.69.[1]

    This matter was referred to Magistrate Judge Andrew J. Peck for an inquest on damages. Magistrate Judge Peck issued a Report and Recommendation ("Report") recommending that the

---

[1] Magistrate Judge Peck's Report and Recommendation incorrectly noted that Plaintiffs seek a total of $21,000,000.00 in statutory damages, consisting of $150,000.00 in statutory damages for each of the fourteen registered copyrights. The correct sum is $2,100,000.00, and the sum of $2,100,000.00 in requested statutory damages, $8,475.67 in requested attorneys' fees, and $838.69 in requested costs equals $2,109,314.36, not $21,009,314.36 as stated in the Report.

Court grant Plaintiff's request for damages in part. Judge Peck recommended that Plaintiff be awarded damages in the amount of $350,000.00 for statutory damages and $390.00 in costs.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No party filed a timely objection to Magistrate Judge Peck's Report. The Report is adopted in its entirety.

Magistrate Judge Peck properly determined that the maximum willful infringement statutory damages award of $150,000 for each registered copyright was not appropriate in this case because Defendant was not put on notice by a court, ceased sales once it was sued, and Plaintiffs failed to provide any evidence of Defendant's profits. Magistrate Judge Peck also properly found that

2

$25,000 in statutory damages for each registered copyright was appropriate based on similar awards in prior cases involving similar types of products. Thus, Magistrate Judge Peck's calculation of an award of $350,000 in total statutory damages is correct.

Magistrate Judge Peck's recommendation that Plaintiffs should not be awarded attorneys' fees is also proper. It is well-settled in the Second Circuit that, without contemporaneous time records, the Court cannot award attorneys' fees. N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see, e.g., Scott v. City of N.Y., 626 F.3d 130, 132 (2d Cir. 2010).

Finally, the Magistrate Judge's recommendation that Plaintiffs should be awarded $390.00 in costs, consisting of the Court's $350.00 filing fee and the $40.00 cost of service, is correct. While Plaintiffs seek $838.69 in costs, they failed to provide any supporting documentation to substantiate the costs they incurred.

## Conclusion

This Court adopts the Report and Recommendation in its entirety. Plaintiffs' inquest for damages is GRANTED IN PART. Plaintiff is awarded $350,000.00 in statutory damages for Defendant's copyright infringement and $350.00 in costs, for a total sum of $350,350.00. Plaintiff's request for attorneys' fees and other costs is DENIED for insufficient evidence in substantiating those awards.

Dated: October 02, 2012
      New York, New York

SO ORDERED

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge